Good morning again, John Ballas on behalf of Donald Berry. This is an appeal of a denial by the District Court of his 2254 action challenging his conviction for second degree murder. Mr. Berry was charged with first degree murder and two felonies, assault with a firearm and inflicting corporal injury on a cohabitant. He was acquitted of first degree murder, convicted of second degree murder and both felonies. The jury was instructed on the standard for murder, including both express and applied malice, but it was also erroneously instructed on felony murder. In particular, the jury was instructed that if a person causes another's death while committing a felony which is dangerous to human life, the crime is murder. Can I ask you a procedural question? I wasn't quite sure from the briefs. Were the instructions given before the closing arguments? I believe they were, yes. And this instruction was an error. It is clearly it was an error under California law under People v. Ireland and the merger doctrine because both felonies merge as part of the offense. But it's also a violation of clearly established Supreme Court law. And I think in two ways under. The State court clearly found it violated State law, the court of appeal I mean. It's not that clear on the Federal question, is it, the State court of appeal's opinion, is it? Well, I think the court's correct. It's not crystal clear. I think the better reading is that it did because it stated two things. One, it says the defendant's claim, the defendant's claim it's a Federal constitutional violation, and then immediately afterwards it used the beyond the reasonable doubt harmless error standard. And so I think that's a better reading is it did find Federal constitutional error. And I think it violates both the principle that due process protects an individual upon conviction only upon the government proving beyond the reasonable doubt each and every element of the offense. And also the principle that under Carrella v. California that a conviction violates due process where it violates from an unauthorized theory of law. No, I gather that the Federal constitutional claim as to the invalidity of the instruction is that it relieves the State of some aspect of the burden of the proof. It does not have to prove malice. Right. Yeah, sure. Yeah. Now, earlier you said it also, that instruction violates clearly established Federal law, right? Yes. Now, what case do you depend on for that proposition that it's clearly established? In rewinship, I think, is the Clarice. It's a 1970 case that says each element of the offense must be proven beyond a reasonable doubt. I think there's a couple others, Francis v. Franklin, also cited in the brief. And I think that the question here is whether there's a reasonable likelihood that the jury read the instruction as permitting a conviction of murder without the finding of malice. Let me assume for the moment that I agree with you that this was a violation and a violation cognizable under AEDPA and so on, and that we get to the question of harmless error. And if you get to the question of harmless error, the standard is the habeas relief is required only if the Federal court has grave doubt about whether the trial error of Federal law has substantial and injurious effect or influence in determining the jury's verdict. So we're just, we're basically talking Brecht? Yes. So, as I look at this case from a sort of pragmatic point of view, putting aside technicalities of possibility, where you look at the other convictions, points on which he was convicted, did they necessarily find this or that, I just want to look at the other convictions. One of them, I think, is that he was severely injured, battered in the head with at least two injuries to her head, to the bone structure of her head that show genuine indentations. One of them, I gather, baseball-sized. I think he's lucky to get away with second. It looks like a first-degree murder case to me. Well, I think it was debatable. He argued self-defense. He also argued manslaughter as lesser-included offenses. There were no eyewitnesses. Mr. Berry testified. There's no eyewitness. On the other hand, there's this guy who comes in and kind of surprises the defendant, and the butt of the shotgun is against the victim's head, and he says, oh, I was just trying to prop her head up a little bit because I was concerned about her. That's not the way you ordinarily, to take care of somebody is to take a rifle butt or a shotgun butt and move their head. So we have an eyewitness to that. We do. Now, there was no blood or tissue found on the firearm, on the shotgun. So, you know, the prosecution, one of their theory was that he injured her with the shotgun. But the only, I mean, the only direct evidence was moving the head with the shotgun, and that was something that the prosecutor brought up in the closing argument in arguing for the felony murder instruction. Let's go back just for a second. You're not attacking the verdict of great bodily injury by a firearm, are you? I'm — On that count. So the conviction was for assault with a firearm. Assault with a firearm. And I'm not — But they also made a finding of great bodily injury, didn't they? Yes. Okay. You're not attacking the sufficiency of the evidence to support that, are you? I'm only challenging the murder conviction. Right. And that the — it was not only that they instructed under the felony murder, but then the prosecutor twice in the closing argument directly told the jury to convict based on that erroneous instruction. And that's why it's so harmful. But the attorney general argues that it was in response to the defense argument for a misdemeanor manslaughter conviction. But it's not really a fair response to say that, okay, it's not misdemeanor manslaughter, it's felony murder, when there is no proper felony murder instruction. Who are you arguing now that there's no constitutional — there's a constitutional violation or that it's not harmless? Well — Which are you arguing now? At this point, I'm responding on the harmless error question. And basically there's no eyewitness testimony. Barry testified that he didn't beat or intend to hurt her, and that what he did was after she attacked him with a pair of scissors and he disarmed her with the scissors, he grabbed her hair, spun her around and pushed her, and then later on determined that she was on the floor, and as a result when she was on the floor that he was trying to slap her to revive her. If you look at it — And the jury clearly didn't believe that story. No, the jury couldn't believe that story and convicted under the prosecution's theory. Well, the jury clearly didn't believe that story because we've got the assault and the bodily injury. Well, and the slapping on the face is an assault with bodily injury. And I think that the jury could have easily found under that theory, and that is an improper theory and cannot be harmless because an assault conviction just requires any offensive touching, and it doesn't — it's not implied malice because there's insufficient evidence that he had a conscious regard of the risk, that it was dangerous to human life. I'm going to reserve my remaining time for rebuttal. Thank you. Marshall. Distinguished members of the panel, my name is Todd Marshall. I'm with the Attorney General's Office representing the warden here today. Donald Barry bludgeoned Lori Wine to death by repeatedly bashing her in the skull with the butt of a shotgun. Even though he denied this specific conduct, we know this occurred because Jerry Allen saw him with the gun at her head. There was a hair on the butt of the gun, and the injuries themselves could not possibly have occurred via the explanation given by defendant. Defendant's credibility as a result was destroyed. By his own testimony, he made his defenses unviable. He disarmed her easily, threw the scissors aside, shoved her sufficiently that she was rendered unconscious, and all of his assaultive conduct occurred after any possible threat. Did the State Court of Appeal find that all this assaultive conduct that you just described occurred, more or less, in that manner? Yes, I believe so. I believe that's supported by the statement of facts that was proffered by the district court and that was found reasonable by the district court below. But that was what the State Court of Appeal found? Yes. The State Court of Appeal as to the error described Barry's claims, described it as a due process allegation, and then proceeded to answer the question by only finding a State law error. They could have been more artful and included a sentence, we find no due process violation, but only a State error. They didn't do that. But the clarity of their ruling is easy for the Court to see. The case that they did or did not find a due process error? I'm contending their position was that because it was merely a State law error, that was harmless. Those two pieces made them conclude it was not a due process violation. So the answer is that relieving the State of the burden of proof is not a due process violation. Is that what you're saying? What I'm saying is that this instruction doesn't arise to that level. This is a snippet of an instruction. It was orphaned from the remainder of a charge on felony murder. There was nothing to tell the jury that they could supplant felony murder. Felony murder wasn't mentioned in the instruction. The jury wasn't told whether it would be murder one or murder two. They would still have to resort to the instructions to conclude which type of murder. Can I interrupt for just a minute? Yes. I'm not quite sure what you're saying here. Are you saying that the instruction was proper? No. I'm saying that on the continuum from the... No, let me continue. I'm sorry. No, you're fine. Don't worry. It seems to me that that instruction, isolated, I guess to use your concept, flatly misstates California law and relieves the State of the burden of proving malice improperly. I agree with the first point and disagree with the second point. I agree that it's... Why do you disagree with the second point? Because the whole of the felony murder theory... I want to just talk about that one sentence. Yes. It's only a part of... No, I want to talk about that one sentence. Does that one sentence relieve the State of a burden of proof, part of the burden of proof that it has to carry? No. Why not? It doesn't tell the jury that they can supplant or replace malice in any way. No, it says... Well, isn't the answer yes if you take it in isolation? Well, you don't take it in isolation. It's under controlling Supreme Court authority. However, I still contend that it's not in isolation replacing malice here. The jury was told 20-plus times that malice was required. They were never told that it was not required or that they could somehow replace a malice analysis. Your argument would have a lot more strength, it would seem to me, if the prosecutor hadn't picked up on this error that must have just slipped into the jury instruction by some oversight and repeated it twice to the jury that they could convict on a felony murder theory that wasn't in the case. I disagree with the characterization to the extent that I contend that the facts show that the prosecutor was merely responding to an attempt by the defense attorney to use this instruction in a way that it shouldn't have been used. The defense attorney told the jury, well, this was only a misdemeanor battery, and therefore you can find him guilty only of manslaughter. And the response by the prosecutor was merely a contradiction of that statement and nothing more. But the response of the prosecutor strikes me as an erroneous statement of law. To the extent that it was erroneous at all, he clarifies by twice reading the concluding statement, which is in that instruction, which is, in fact, the definition of conscious disregard implied malice murder. We have not consulted ahead of time. As the panel, we have not discussed this case ahead of time. At this point, I'm speaking only for myself. It's uphill work for you to convince me that that instruction was constitutional. So if you're going to convince me, we're talking harmless error. Why is this? Assuming you don't have to concede, of course. Assuming this was constitutional error, why in your views are harmless? I'll move to the Brecht standard, Your Honor. Davis v. Ayala and Hedgepeth v. Polito have made it clear that Brecht is the collateral review standard here. That standard asks whether there's a reasonable probability that absent this offending or ambiguous instruction, the jury still would have convicted. On these facts, that's absolutely so. And on these facts, it's reasonable to conclude that the jury did not find felony murder because of the lack of additional felony murder instructions that would have been required to explain how they would even do that. There was no predicate felony, no inherently dangerous felony explanation, no separate verdict form for felony murder. And the prosecutor's theory on this case was first degree. His theory was Barry injured her badly. When he realized the condition that she was in, he decided, you know what, I'm not going to have us be separated. I'm going to kill her. And then, quite possibly, he was going to kill himself. Under these facts, it's absolutely harmless. Mr. Allen described Mr. Barry as using the gun. They are harmless because all these facts are proof of intent? Yes. They show at minimum, at an absolute minimum, that Mr. Barry consciously disregarded the risk of injury or death by repeatedly bludgeoning Wine with a shotgun, to the point where he was able to use a small golf ball and baseball-sized indentations to her skull, which were immediately apparent to the EMTs on the scene. Barry knew that he had injured her badly. He asked the officer several times if she was going to die. He had an ever-changing story about the use of the gun. At first, didn't use it at all. Then, maybe he poked her leg with the gun. Then, oh, finally admitting when the hair is found on it, maybe he used it to nudge her head. But the prosecutor's argument, this is really what bothers me most in this case. And I'm quoting. He said, the instruction is pretty clear. So he goes back to this erroneous instruction, directs the jury's attention to the erroneous instruction. And he says, if a person causes another person's death while committing a felony, which is dangerous to human life, the crime is murder. The crime is murder. If one juror who might have had some doubts about the State's evidence or some sympathy with the defendant's defense voted to convict for murder based on that argument alone, isn't that enough? I disagree. In context of the entire case, that statement is direct opposition and contradiction of what. That was rebuttal, right? That was the last thing the jury heard, given the fact that the judge instructed before the closing argument. Correct. It was directly contradictory to what the defense had argued. Furthermore, at the end of reading the instruction, the prosecutor read the final sentence twice, emphasizing the conscious disregard language. And at his conclusion of his rebuttal argument, the prosecutor asked the jury to return a first-degree express murder finding. He wasn't arguing a felony murder pitch to the jury. He was only telling the jury that it's not what the defense says. I just have to disagree with that. If I were a lay juror, the least I could say is this is very confusing to me. I don't know what they're arguing, except I can convict him if he committed this during a felony. The jury was further told innumerable times that malice was required for murder and it was not required for manslaughter. The jury was also told that the statements of counsel are not the law and to the extent that any statement by counsel contradicts anything that the Court had said, not to follow what the attorneys had said. But that's the point. The prosecutor's rebuttal argument referred specifically to the Court's instruction. At the invitation of opposing counsel and upon opposing counsel infusing an erroneous theory into the case. I'm sorry. I just can't agree with you that if the defense lawyer says something you disagree with, that you, the prosecutor, then get to misstate the law. That does not follow for me. While not briefed in this case, I believe there's authority for the proposition that minor errors by a prosecutor can be excused and overlooked in the context of responding to an improper argument by the defense counsel. But this may not be a minor error. I mean, it's a flat misstatement of California law relieving the state of the burden of proving malice. I disagree that it relieves the state of the burden of proving malice. The jury wasn't told any of the rest of what they needed to know in order to make that leap. They weren't told any of the remainder of the felony murder instructions. This case is like the Townsend case and is distinguishable from the Suniga case in that regard. A snippet, a first sentence and not the whole of an invalid theory. Let me ask a little bit. There's another claim here and that's the ineffective assistance claim. And the ineffective assistance was a failure to object to all of this. If an objection had been made either to the instruction or the closing argument, the jury might have been properly instructed and we wouldn't even be talking about harmless error here. Isn't that right? I believe that's a fair statement. If that's not ineffective, what is? I believe that tactically counsel could have had two bases. He was never asked so we get to look at what he might have been motivated by. First, he used this instruction to his advantage in argument and tried to argue for a manslaughter result as a result of this instruction. And secondarily, he might have thought saving a small error for appeal, given his view of what it might have harmed him at the time, would have been a reasonable interpretation. Finally, the district court made it clear that it was finding no possible prejudice upon overwhelming evidence. All right. So there is no ‑‑ there was no hearing. Maybe we should have a hearing then and ask those questions of that lawyer. Still no prejudice under the district court's finding and I posit that's not clear error here. All right. Thank you. Submit. First, I think the prosecutor's statement of facts were way beyond what the state appellate court found. If you read its opinion, it was found there was no evidence that ‑‑ I mean, there was no finding that Mr. Berry bludgeoned Wyand with a shotgun.  That there was no one that saw Mr. Berry even hit her with a shotgun. He was standing over her with a shotgun and he didn't see anything. I confess when I heard your adversary open up by what happened, I regarded that as hyperbole and overstatement. That's the prosecutor's theory of the case. But that's not something that the jury explicitly found because the jury was not explicitly asked to find that and that's not something that was said by the California Court of Appeal. Right. And under the Breck standard, the question is not whether there would, independent of the error, be sufficient evidence to convict Mr. Berry of murder. It is whether the error itself was so substantial they would have a substantial influence on the jury in finding for murder rather than a lesser offense or acquitting him. And it's almost, to me, when the last words from the prosecutor's mouth in the rebuttal are specifically referring to the instruction, as the court mentioned, and asking the jury to convict on that instruction, that's ‑‑ I can't see how that could be more substantially influencing the jury in an injurious way under the Breck standard. And I also can't fathom a tactical reason for not objecting to that instruction as defense counsel, and I don't think it's really ‑‑ the way the law views tactical reasons, it's not that you want to save something for an appeal and not make the objection. It's you want to win that case, and there's no tactical reason to be able to do that. Okay. Let me ask this question. If ‑‑ I'm not saying the panel has concluded this, but if the panel concludes that the instructional error was harmless, all right, then is it also ‑‑ doesn't it follow necessarily that the conclusion on the IAC is that it's not prejudicial? So then, top of my head, I think that's right. But you don't want to commit yourself. I don't want to concede with that. I appreciate that. All right. Thank you. Fair enough. Thank you. Thank both sides for their arguments. Berry v. Yaquez now submitted for decision. We've got one remaining case, Pepper v. Apple. We'll take a short break, and we will hear that case on our return.
judges: Tashima, W. Fletcher, Gettleman